```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/2/2023___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CLIVE LINO,

                Plaintiff,

-against-

DIAMOND RESORTS INTERNATIONAL
MARKETING INC., AND HILTON RESORTS
CORPORATION, d/b/a HILTON GRAND
VACATIONS, HILTON GRAND VACATIONS
CLUB, LLC AND EXPERIAN INFORMATION
SOLUTIONS, INC.,

                Defendants.

23 Civ. 4174 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court has reviewed the parties' joint letter dated August 1, 2023. ECF No. 34. Plaintiff and Defendants Diamond Resorts International Marketing, Inc., Hilton Resorts Corporation, and Hilton Grand Vacations Club, LLC (together, the "Diamond and Hilton Defendants") "have . . . agreed to arbitrate this action." *Id.* at 2. Plaintiff's counsel, writing on behalf of the parties, states that the Diamond and Hilton Defendants "will therefore not be filing its contemplated motion(s), nor are they participating in the [case management plan] being submitted to the Court other than to note that they will not be subject to discovery or to its terms as Plaintiff's claims against them will be arbitrated." *Id.* The Diamond and Hilton Defendants "submit that they should be dismissed from this lawsuit." *Id.* Plaintiff "prefers that the Court stay rather than dismiss the action against [the Diamond and Hilton Defendants] pending the arbitration." *Id.* Defendant Experian Information Solutions, Inc. ("Experian") "is still contemplating whether it will file a pre-answer motion to dismiss." *Id.*

       The Court shall not endorse the proposed case management plan in its current form. ECF No. 34-1. The submission is required to be a joint one, which means that all parties must agree to proposed deadlines and abide by the schedule to be so-ordered by the Court. The Diamond and Hilton Defendants' representation that they "are [not] participating" in the case management plan submitted to the Court is inappropriate. ECF No. 34 at 2. Should the Diamond and Hilton Defendants seek to withdraw their anticipated motion,[1] adjourn the briefing schedule, or obtain other relief from the Court's directives, ECF No. 20, while Plaintiff and the Diamond and Hilton Defendants arbitrate their claims, they must make a proper application to the Court. The same applies to Plaintiff's "prefer[ence] that the Court stay . . . the action," ECF No. 34 at 2, which neither is properly before the Court as a request nor explains how a potential stay would affect Plaintiff's claims against Experian.

---

[1] On July 25, 2023, the Court set a briefing schedule for the Diamond and Hilton Defendants' anticipated motion to compel arbitration and to dismiss the action or, in the alternative, to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). ECF No. 33. The Diamond and Hilton Defendants' motion is due on September 5, 2023. *Id.*

The parties are directed to confer and resubmit a joint letter and a proposed case management plan by **August 8, 2023**.  In addition, the parties' proposed case management plan should not be completed with handwritten responses.

SO ORDERED.

Dated: August 2, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge